UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMIAN RICHARDSON, | ) |
| Petitioner, | ) |
| v. | ) No. 1:21-cv-00529-JPH-KMB |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Damian Richardson was convicted in this district of unlawful possession of a firearm and ammunition by a convicted felon. He now seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2255. He raises a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and two claims of ineffective assistance of counsel. For the reasons explained below, Mr. Richardson's Section 2255 motion must be **denied**. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

1

collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On February 7, 2018, Mr. Richardson was indicted with one count of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § § 922(g) and 924(e). *See Richardson v. USA*, 1:18-cr-00035-JPH-TAB-1 (hereinafter "Crim Dkt."), dkt. 8. Section § 922(g)(1) of Title 18 of the United States Code makes it "unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess "any firearm or ammunition."

On May 14, 2018, Mr. Richardson filed a petition to enter a plea of guilty. Crim. Dkt. 29. No plea agreement was filed. However, the parties stipulated to the following factual basis:

> On January 9, 2018, Detective Jacob Tranchant of the Indianapolis Metropolitan Police Department's Southeast Narcotics Unit was assisting Indiana State Parole Agent John Hosler by providing security as Agent Hosler conducted a parole visit at the residence of parolee Damian Richardson in Marion County, Indiana. Damian Richardson was on parole for unlawful possession of a firearm by a serious violent felon. Indiana State Parole Agent John Hosler was conducting the visit due to Richardson's phone number being connected to an individual who was being investigated by the Department of Corrections.

>Upon initial contact, officers knocked and announced. Despite observing movement inside, it took several minutes for the door to be opened. Eventually it was opened by the defendant who allowed the officers entry. Also present was a female "V.R."
>
>During the parole search, agents located digital scale with what appeared to be narcotics residue on it in the defendant's bedroom. After this discovery, officers obtained a search warrant.
>
>While executing the search warrant, officers located a black and silver Taurus 9mm pistol. It was wrapped inside of a male's pair of shorts inside the vent, next to the baggy of marijuana. Richardson's fingerprint was later discovered on the weapon's magazine. The Taurus was not manufactured in the state of Indiana and therefore traveled in interstate of foreign commerce.
>
>Richardson has at least the following felony convictions: four (4) counts of Armed Robbery - Class B Felony Marion County Cause #: 49G05-0511-FB-200058; Possession of a firearm by a seriously violent felon- Class B Felony Marion County Cause #: 49G20-1012-FB-095404; and Conspiracy/Armed Robbery - Class B Felony Marion County Cause #: 49G03-0211-FB-277975. All of these convictions were sustained prior to the possession of the firearm.

Crim. Dkt. 37.

A presentence report ("PSR") was completed. Crim. Dkt. 33. The PSR found Mr. Richardson's base offense level to be 24, pursuant to U.S.S.G. § 2K2.1(a)(2). PSR ¶ 13. No enhancements were applied. PSR ¶¶ 14-18. Three levels were subtracted for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. PSR ¶ 20-21. Mr. Richardson was found to have a total offense level of 21. PSR ¶ 22.

Mr. Richardson's extensive criminal history—including conspiracy to commit robbery, robbery, criminal confinement, dangerous possession of a firearm, and possession of a firearm by a serious violent felon—resulted in a criminal history category of V with a corresponding guideline range of 70 to 87 months. PSR ¶¶ 25-28; 31; 63.

3

At a hearing on August 24, 2018, Judge William T. Lawrence accepted Mr. Richardson's guilty plea, reviewed his presentence report, and sentenced him to 70 months' imprisonment followed by three years of supervised release. Crim Dkts. 39, 40. Final judgment was entered on August 27, 2018. Crim. Dkt. 40. Richardson did not appeal.

On March 4, 2021, Mr. Richardson filed the presently pending § 2255 motion, arguing that he is entitled to relief pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Relatedly, he argues that his attorney was ineffective for failing to explain that knowledge of the fact that he belonged to a class of persons barred from possessing a firearm was an element of the offense. Dkt. 1. Finally, Mr. Richardson claims that counsel was ineffective for failing to object to his criminal history score, claiming that one of his prior convictions was fourteen years old. *Id.* at 7. On October 18, 2021, the United States filed its response brief arguing that Mr. Richardson's § 2255 motion was both untimely and meritless. Dkt. 8. Mr. Richardson did not file a reply.

### III. Statute of Limitations

The United States argues that Mr. Richardson's motion is barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). That period runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

4

> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). Here, final judgment was entered in Mr. Richardson's criminal case on August 27, 2018, and no appeal was filed. *See* Crim Dkt. 40. Therefore, his conviction became final on September 11, 2018. *Clay*, 537 U.S. at 527. Mr. Richardson had until one year later, September 11, 2019, to file a timely § 2255 motion under § 2255(f)(1). But he did not file his § 2255 motion until March 4, 2021, well over a year after the deadline. *See* 28 U.S.C. § 2255(f)(1). This was also well over a year after the Supreme Court decided *Rehaif* on June 21, 2019. *See* 28 U.S.C. § 2255(f)(3).

Mr. Richardson argues that he missed the one-year deadline because while at the Indiana State Prison he was denied law library access and access to legal updates. Dkt. 1 at 12. He was further "denied and prohibited due to the 'Coronavirus Pandemic' that spread across the county [because] all movement was stopped until recently." *Id.* He suggests that during this time, *Rehaif* was issued. *Id.*

5

Lack of library access can, in principle, be an 'impediment' to the filing of a collateral attack." *Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013); *see Simmons v. United States*, 211 L. Ed. 2d 274 (Nov. 1, 2021)(J. Sotomayer, statement respecting the denial of certiorari). The United States does not address Mr. Richardson's argument, or whether he may be eligible to proceed under § 2255(f)(2) based on an "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States," so the Court considers the merits of his claims. *See Estremera*, 724 F.3d at 775 ("It makes sense to tackle the merits first when they are easy and the limitations question hard, just as it makes sense (and is permissible) to reject a collateral attack on the merits while other procedural defenses, such as waiver, default, or lack of exhaustion, remain in the background.") (internal citations omitted).

## IV. Discussion

Mr. Richardson argues that his guilty plea should vacated and his § 922(g) conviction set aside for two principal reasons. Dkt. 1 at 4-5. First, that he was not aware of the Supreme Court's decision in *Rehaif* until after he pled guilty. *Id.* at 9. Second, that his guilty plea was involuntary, and not knowingly and intelligently made, because his attorney failed to advise him that the government must prove that he knew he was a convicted felon. *Id.* at 4-5. He states that this error is "structural." *Id.* at 5. Finally, Mr. Richardson claims that his counsel was ineffective for failing to object to his criminal history score. He argues that had his attorney challenged a prior conviction that was fourteen years old, he would have received a lesser sentence. Id. at 7.

### A. *Rehaif* Error

In *Rehaif,* the Supreme Court held that: "[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif,* 139 S. Ct. at 2200. In other words, under *Rehaif,* the United States' burden includes proving beyond a reasonable doubt that Mr. Richardson knew, at the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(1); *see also United States v. Maez,* 960 F.3d 949, 955 (7th Cir. 2020) (*Rehaif* made "doubly clear that § 922(g) requires knowledge of status, not knowledge of the § 922(g) prohibition itself.").

### B. Procedural Default

Mr. Richardson argues that his constitutional rights were violated because he was not aware of the Supreme Court's decision in *Rehaif* until after he pleaded guilty. *Id.* at 9. But he entered his guilty plea in August 2018, and the Supreme Court didn't decide *Rehaif* until June 21, 2019. Therefore, the reason he didn't know about *Rehaif* at the time of his conviction was because it hadn't been decided. The United States argues generally that any claim for relief based on the elements of § 922(g) is procedurally defaulted. Dkt. 8 at 7-8.

The United States is correct. A claim not raised on direct appeal generally may not be raised for the first time on collateral review and amounts to procedural default. *McCoy v. United States,* 815 F.3d 292, 295 (7th Cir. 2016).

7

"To overcome the procedural default and obtain § 2255 relief, [Mr. Richardson] must show either cause for the default and actual prejudice from the alleged error, or that he is actually innocent. . . ." *White v. United States*, 8 F.4th 547, 554 (7th Cir. 2021) (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998)).

### 1. Prejudice

Even if Mr. Richardson can demonstrate cause for the default, he cannot show prejudice from any error related to *Rehaif*. *See United States v. Maez*, 960 F.3d 949, 957 (7th Cir. 2020) (finding that intervening decision in *Rehaif* establishes good cause to avoid waiver on direct appeal). The parties raise two possible structural errors: that the indictment failed to allege the knowledge of status element, dkt. 8 at p. 1, 10; and that the guilty plea did not include the knowledge of status element, dkt. 1 at p. 5. Structural errors are a very limited class of errors that affect the framework within which a trial proceeds. *Maez*, 960 F.3d at 957 (7th Cir. 2020) (citing *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017) (discussing qualities that can render an error structural)). When the proposed error is so fundamental as to constitute structural error, the movant need not demonstrate prejudice. *See McCoy*, 815 F.3d at 295 For the reasons explained below, neither error identified here was structural, and Mr. Richardson cannot show prejudice.

In *Maez,* the defendant argued on direct appeal that the "omission of an element from the indictment is a 'structural error' that ... always requires reversal." 960 F.3d at 957. The Seventh Circuit disagreed. *Id.* at 958; *see also*

8

*United States v. Payne,* 964 F.3d 652, 657 (7th Cir. 2020) ("In any event, we recently ruled that omission of the *Rehaif* element is not a structural error."). There is no structural error in an indictment charging an offense under § 922(g) that does not allege that defendant knew of his prohibited status. *See Fears v. United States*, No. 1:20-cv-01839-SEB-MPB, 2021 WL 6050050, at *3 (S.D. Ind. Dec. 20, 2021) (denying § 2255 motion on this basis).

Mr. Richardson argues that his uninformed guilty plea must be vacated because he was never notified that, if he went to trial, a jury would have to find that he knew he was a felon. While the Fourth Circuit accepted this argument in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), the Supreme Court rejected it in *Greer v. United States*, 210 L. Ed. 2d 121 (June 14, 2021). There, the Court held that a *Rehaif* claim in a felon-in-possession case will not prevail "unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer,* 141 S. Ct. at 2100.

Although these cases arise in the context of a direct appeal, they show that a *Rehaif* error is not a structural error and that a § 2255 petitioner cannot overcome procedural default without a showing of prejudice. *See United States v. Robinson,* No. 2:16-CR-119-PPS, 2020 WL 6784123, at *1 (N.D. Ind. Nov. 18, 2020) (denying § 2255 relief based on *Rehaif* claim and discussing claims of structural error). In this case, Mr. Richardson has not presented information showing prejudice from a *Rehaif* error. For example, he has not shown a reasonable probability that, but for the error, he would not have entered the

9

guilty plea. *Maez,* 960 F.3d at 960. Nor has he indicated that he could or would have presented evidence at trial that he did not know he was a felon.

### 2. Actual Innocence

Mr. Richardson does not argue that he is actually innocent of the § 922(g) charge or that he was unaware of his status as a felon. Regardless, any such claim here would be inconsistent with the record. Actual innocence in this context requires a petitioner to "show that no reasonable juror would find beyond a reasonable doubt that he knew that [any] of his prior convictions was for a crime that carried a potential sentence of more than one year in prison." *Santiago v. Streeval,* 36 F.4th 700, 707 (7th Cir. 2022).

Mr. Richardson cannot make that showing. First, he pled guilty and admitted in the stipulated factual basis that he had been convicted of at least four felonies. Crim. Dkt. 37. Second, Mr. Richardson's felony convictions were set out in the PSR, which reflects that he received a sentence of at least four years in prison on each of the four convictions. Finally, in his factual basis and his colloquy with the Court, Mr. Richardson confirmed that the stipulated factual basis was true. Dkt. 54 at p. 17-19. The record reflects that Richardson knew of his status as a felon.

In the absence of a showing of prejudice or actual innocence, Mr. Richardson's alleged *Rehaif* errors are procedurally defaulted, and no relief is warranted on this basis. *See also Ramirez v. United States,* No. 2:15CR120-PPS, 2022 WL 16745058, at *2 (N.D. Ind. Nov. 7, 2022) (finding *Rehaif* claim raised in § 2255 petition procedurally defaulted). However, the procedural default rule

10

does not apply to claims of ineffective assistance of counsel not raised on direct appeal. *Massaro v. U.S.*, 538 U.S. 500, 504, 123 S. Ct. 1690 (2003) ("an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal"). Thus, these claims require further consideration.

### C. Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* On the prejudice prong, a petitioner "must show that but for counsel's errors, there is a reasonable probability that the result would have been different." *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (cleaned up). If a petitioner cannot establish one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

Mr. Richardson's right to effective counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To establish prejudice, Mr. Richardson must show that "the outcome of the plea process would have been

11

different with competent advice." *Lafler*, 566 U.S. at 163. Thus, Mr. Richardson must show prejudice "by demonstrating a 'reasonable probability' that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (*citing Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

    1. Rehaif *Advice*

Mr. Richardson argues that his attorney should have advised him consistent with *Rehaif* that the United States "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.

This claim of ineffective assistance of counsel fails for two reasons. First, the alleged facts do not show deficient performance. Defense attorneys "are generally not obliged to anticipate changes in the law." *Shaw v. Wilson*, 721 F.3d 908, 916 (7th Cir. 2013). And Mr. Richardson makes no argument that *Rehaif* was "foreshadowed" by existing case law at the time he pled guilty. *See Rule v. United States*, No. 19-CV-8361, 2023 WL 415084, at *7 (N.D. Ill. Jan. 25, 2023) (finding no deficient performance based on failure to foreshadow *Rehaif*). Finally, there is no indication that counsel was aware of any evidence that suggested Mr. Richardson did not know he was a felon.

Even if Mr. Richardson could show deficient performance, he cannot show prejudice. He has not presented any evidence that suggests that knowledge of *Rehaif*'s holding would have made any difference in his case. He has not shown

a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*. Nor has he suggested that he had evidence he could have presented at trial to demonstrate that he was not aware of his status as a felon. Given a criminal history that includes multiple stints of incarceration (PSR ¶¶ 24-28), Mr. Richardson could not have introduced reasonable doubt that he was aware that he had previously been convicted of a felony. Under these circumstances, he cannot show that he was prejudiced by his counsel's advice in deciding to plead guilty. No relief is warranted on this basis.

*2. Sentencing Challenge*

Mr. Richardson also claims that his counsel "failed to object to my criminal history score" that was "fourteen years old," which was close to the "fifteen-year mark." Dkt. 1 at 7. That is the extent to his argument.

In response, the United States argues that Mr. Richardson is not entitled to relief because his proposed objection was baseless. *Perez v. United States*, 286 F. App'x 328, 331-332 (7th Cir. 2008) (failure to raise a losing argument or file a futile motion to suppress does not constitute ineffective assistance of counsel). Section 4A1.2(e)(1) of the Sentencing Guidelines provides:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S.S.G. § 4A1.2(e)(1).

Here, Mr. Richardson was given three criminal history points pursuant to U.S.S.G § 4A1.1, which holds that three points are added for each prior sentence

13

of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.1(a). Those three points were based on convictions from September 3, 2003 (when he was sentenced to six years' imprisonment). PSR ¶ 26. Richardson's current offense commenced on January 9, 2018. PSR ¶ 6. Thus, his conviction was within the fifteen-year threshold provided under § 4A1.2(e). Richardson was properly awarded those criminal history points.

Given these facts, Mr. Richardson can show neither deficient performance nor prejudice. No relief is warranted on this basis.

## V. Conclusion

For the reasons explained in this Order, Mr. Richardson is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel, and he is not eligible for any benefit following *Rehaif*. Accordingly, his motion for relief pursuant to § 2255 is **DENIED**.

Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Order in Mr. Richardson's criminal case, No. 1:18-cr-00035-JPH-TAB-1.** The motion to vacate (Crim. Dkt. 52) shall also be **terminated** in the underlying criminal action.

## VI. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28

U.S.C. § 2253(c), the Court finds that Mr. Richardson has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 4/20/2023

                                            James Patrick Hanlon
                                            United States District Judge
                                            Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DAMIAN RICHARDSON
16268-028
MANCHESTER – FCI
MANCHESTER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 4000
MANCHESTER, KY 40962